## Case No. 10.117.

NELSON et al. v. WOODRUFF et al.

WOODRUFF et al. v. NELSON et al.

[16 Leg. Int. 325; 4 Wkly. Law Gaz. 188; 41 Hunt, Mer. Mag. 710.]

Circuit Court, D. New York. Oct. 4, 1859.[1]

SHIPPING—DAMAGE TO CARGO BY WEATHER.

[A shipper of lard in the summer months takes the risk of damage occasioned by the excessively hot weather, unless some neglect or fault can be charged upon the vessel, contributing to the loss.]

[Appeals from the district court of the United States for the Southern district of New York.

[These were cross actions by William Nelson, Edmund S. Dennis, Sherbourne Sears, Francis Burritt, and Aaron Cohen against John O. Woodruff and Robert M. Henning, survivors of James E. Woodruff, and John O. Woodruff and Robert M. Henning against William Nelson, Edmund S. Dennis, Sherbourne Sears, Francis Burritt, and Aaron Cohen. The district court entered a decree in favor of Nelson and others in the first action, and dismissed the libel in the cross action (case unreported), and an appeal was then taken to this court.]

NELSON, Circuit Justice. The libel was filed in the first case by the libelant to recover freight upon a shipment of 1,099 barrels and 61 tcs. of lard, in the ship Maid of Orleans, from New Orleans to this port, in July and August, 1854. It was filed in the second case by the consignee against the respondent, to recover damages for a loss of part of the lard in the course of the shipment. Both cases depend upon the same evidence, and were heard together in the court below, and in this court. It is not denied but that a very heavy loss of lard occurred on board of the vessel during the voyage, which was discovered upon discharging the cargo at this port—a loss of about 60,000 pounds, worth some $6,000. The bills of lading are in the usual form—shipped in good order, &c., damages of the sea, &c., except to each is added at the foot, "Contents unknown." The weather was excessively hot in New Orleans in the month of July, 1854, when the lard was put on board and delivered by the shipper on the levee, which was done morning and evening to avoid the heat of the day. The delivery, however, was continued in the morning until 10 o'clock, and renewed between 3 and 4 p. m. And according to the weight of the testimony the lard was taken on board the vessel with all reasonable dispatch. When taken on board it was in a liquid state, and a few barrels leaked so badly at the levee that the hoops had to be tightened, and some of the barrels were found to be partially empty. The great deficiency that occurred in the course of the shipment. is attributable to the

leakage of the casks which the libelant insists is chargeable alone to the condition and character of the article and to the excessive heat, whether at the time of the shipment or during the voyage. The proofs in the case taken at New Orleans and at this port, are very full and satisfactory that the lard was properly and skilfully stored, both in respect to the place in the hold of the vessel and the manner of the storage. And it is further shown that all due and proper care was taken in the course of the shipment, and I perceive nothing in the evidence, when critically examined and weighed, in the appearance or condition of the packages when discharged at this port, going to impair the proof of the libelant on this head. The barrels and tierces appear to have been well made and with proper material, and to have withstood any substantial injury, with the exception, that the seams were opened, and hence the leakage. But this is accounted for by nearly all the witnesses experienced in the shipment of the article, as resulting from the effect of the hot weather in connection with the tendency of the melted lard to shrink the staves and loosen the hoops. The proof is that the months of July and August were hot beyond those of the preceding years; and that on opening the hatches of the vessel at this port the heat in the hold was so excessive that no person could remain in it. It is well settled that the shipper takes a risk attendant upon the shipment of cargo of this character from the heat of the weather, unless some neglect or fault can be charged upon the vessel contributing to the loss [Clark v. Barnwell] 12 How. [53 U. S.] 272. And I must say, after a very careful examination of the evidence, that in my judgment, no such negligence or fault has been established. The decree of the court below must be affirmed.

[Appeals were then taken to the supreme court, where the decisions of both district and circuit courts were affirmed. 1 Black (66 U. S.) 156.]

